# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: L.S.**

**No. 14-0528** (Raleigh County 12-JA-51)

**FILED**

November 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Michael P. Cooke, appeals the Circuit Court of Raleigh County's April 23, 2014, order terminating his parental rights to L.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem for the child, Mary Beth Chapman, filed a response on behalf of the child supporting the circuit court's order and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights without requiring that a family case plan be filed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2012, the DHHR filed an abuse and neglect petition against the parents alleging aggravated circumstances due to a prior involuntary termination of parental rights to an older child. In July of 2012, the circuit court held an adjudicatory hearing, during which petitioner's counsel requested a psychological evaluation. The matter was continued pending the results of petitioner's evaluation. Petitioner was thereafter evaluated by Dr. Clifton P. Hudson and diagnosed with mild mental retardation and bipolar disorder. The circuit court thereafter reconvened for an adjudicatory hearing, during which it appointed a guardian ad litem for petitioner. Ultimately, the circuit court held an adjudicatory hearing in regard to petitioner in November of 2012, during which he stipulated to the petition's contents and was awarded a post-adjudicatory improvement period.

Following several review hearings regarding petitioner's improvement period and an extension to the same, the DHHR filed a motion to terminate petitioner's parental rights in October of 2013. The circuit court held a hearing on the motion to terminate petitioner's parental rights the next month. The circuit court continued the hearing until January 28, 2014, at which point the circuit court heard testimony from additional witnesses, but again continued the matter for the DHHR to present more witnesses. In April of 2014, the circuit court held a final hearing on the DHHR's motion to terminate and proceeded to disposition. Ultimately, the circuit court terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

1

We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Upon our review, the Court finds no error in the circuit court proceeding to disposition without a family case plan being filed. In discussing family case plans, this Court has stated that

> "[t]he purpose of the family case plan as set out in W.Va.Code, 49–6D–3(a) (1984), is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M.*, 177 W.Va. 688, 356 S.E.2d 181 (1987).

Syl. Pt. 2, *In re Desarae M.*, 214 W.Va. 657, 591 S.E.2d 215 (2003).

While petitioner is correct that West Virginia Code § 49-6D-3(a) requires a family case plan be filed within thirty days of the improvement period's inception, the Court declines to find error under the specific limited circumstances of this case because a case plan was created and signed by the parties, and because petitioner failed to improve throughout the extended duration of the proceedings below. While it is true that a copy of the signed family case plan was not filed with the circuit court, it is clear that one was formulated and petitioner was provided with a clear set of goals necessary to achieve reunification with his child.

The record shows that the case plan required the following of petitioner: (1) perform parental duties and responsibilities on a daily basis; (2) obtain adequate knowledge to fulfill caregiving responsibilities and tasks; (3) demonstrate appropriate hygiene and keep the home sanitary on a daily basis; (4) control anger, make good decisions, control mood (with medication, if necessary), and form healthy relationships; and (5) demonstrate the ability to provide basic necessities. Moreover, it is clear that petitioner's lack of improvement was unrelated to any alleged deficiency in filing a case plan, and instead was a result of his inability to properly care for the child. Unfortunately, despite extensive services, petitioner was unable to substantially correct the conditions of abuse and neglect in the home such that reunification was appropriate.

As such, it is clear that petitioner was aware of parenting deficiencies that needed correcting, including maintaining a suitable, clean home and providing appropriate care for the newborn child. However, despite the case plan and specific services designed to remedy the conditions of abuse and neglect, petitioner simply failed to improve in these regards. Moreover, in spite of petitioner's participation in specific services, including parenting education, he failed to apply the education in a way that lessened the conditions of abuse and neglect in the home.

2

Ultimately, the circuit court found that petitioner was "determined not to be capable of taking care of a child," and that he "cannot be a responsible parent on his own."

These findings were based upon substantial evidence from petitioner's service providers establishing that after extensive services, petitioner lacked the skills necessary to be alone with the child for more than thirty minutes. According to one service provider's testimony, petitioner was apprehensive about providing the child basic care, such as feeding her and changing her diaper. This testimony is especially concerning in light of the fact that, as the proceedings progressed, it became clear that the child had special needs due to her delayed development as to motor and social skills and that she would require special attention and support to reach maximum development. Simply put, the evidence established that petitioner could not provide the child with basic care, let alone the specialized care the child's developmental delays required. As such, it is clear that there was sufficient evidence upon which the circuit court could have found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, and that termination of his parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, under the limited circumstances of this case, the Court declines to find that the process established for abuse and neglect proceedings was "substantially disregarded or frustrated" such that vacating the resulting order is warranted.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 23, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3